MATTHEW CONNER ET AL.

v.

CHARLES A. AKIN, ADMINISTRATOR, ETC., ET AL.

*Administration—Citation to Answer as to Assets Alleged to be Concealed —Secs. 81 and 82, Chap. 3, Starr & C. Ill. Stat.*

1.   Upon a citation issued commanding the appearance of persons accused of having possession of property of a deceased person, whose estate is in

course of administration, this court reverses the judgment or order in favor of the administrator as unsupported by the evidence.

2.  Proof going to show that money belonging to a deceased person came to the hands of a married woman, will not justify a finding against both herself and husband and an order that they jointly refund the same.

[Opinion filed January 10, 1889.]

IN ERROR to the Circuit Court of Franklin County; the Hon. B. H. CANBY, Judge, presiding.

Mr. THOMAS J. LAYMAN, for plaintiffs in error.

Messrs. C. H. LAYMAN and W. H. WILLIAMS, for defendants in error.

REEVES, J.   A citation was issued by the County Court of Franklin county, commanding the appellants to appear before said court, to answer Charles A. Akin, administrator of the estate of Sarah Hammons, deceased, if they or either of them had any money or effects in their possession or control, or have concealed and embezzled any money or effects belonging to the estate of Sarah Hammons, deceased.

This citation was issued upon the petition of Joseph Hammons, who states that Sarah Hammons died intestate on the 6th day of April, 1878, naming her heirs; that deceased was not indebted to any one and that letters of administration were not granted upon her estate until about August 26, 1887; that petitioner is interested in said estate and that he believes that Mathew Conner and Julia Conner have in their possession, or embezzled or concealed money and effects belonging to said estate.   The case was tried in the County Court and thence taken by appeal to the Circuit Court, where the trial resulted adversely to appellants, and they prosecute a further appeal to this court.   This proceeding was instituted under Secs. 81 and 82, Chap. 3, Starr & C. Ill. Stat., p. 226.

Taking all that the evidence proves, or tends to prove, we do not find any warrant in the evidence for the finding of the Circuit Court that at the time of the death of Sarah Ham-

mons there came into the hands of Mathew Conner and Julia Conner the sum of $1,600 in money, etc. The only proof which we find in the record bearing directly on the question as to what money came into the hands of either of appellants at the time of the death of Sarah Hammons, is the testimony of Martha Crawford, who testifies that shortly after the death of Sarah Hammons, Julia Conner said to her, " that she had $1,600 of Mammie's money and that Mat would never get his fingers on it."

Even if we concede that this testimony would be sufficient, taken in connection with the other evidence in the case, to warrant a finding that at the time of the death of Sarah Hammons there came into the hands of Julia Conner $1,600 in money belonging to the estate of Sarah Hammons, we do not see upon what legal principle it would warrant such a finding against Mathew Conner, and the entry by the court of an order that appellants jointly pay the sum so found to the administrator. What Mrs. Crawford says that Mathew Conner said about borrowing $1,200 of his wife, would not, in our judgment, warrant the finding that the $1,600 came into the hands of the appellants jointly.

For this error the judgment or order of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*